AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| David Rojas, Reny Rijos, and Wuillian De Jesus | ) ) ) ) ) | Case No. 8:25-mj-2889-TGW |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __Unknown to August 7, 2025__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) and (b); and 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy to Traffic a Controlled Substance on a Vessel Subject to the Jurisdiction of the United States. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

David M. Tomcsik, CGIS Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: Aug. 28, 2025

_____
Judge's signature

City and state: Tampa, Florida     Thomas G. Wilson, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, David M. Tomcsik, being duly sworn, depose and state the following:

1. I submit this affidavit in support of a criminal complaint charging three individuals — **DAVID ROJAS, RENY RIJOS and WUILLIAN DE JESUS** — with knowingly and willfully conspiring to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § 960(b)(1)(B)(ii).

2. I have been a Special Agent with the Coast Guard Investigative Service ("CGIS") since 2009. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program, and numerous other training programs related to criminal investigations. I have worked as a Special Agent with Operation Panama Express Strike Force from July 2016 through June 2020, and then again from August 2024 to present. Operation Panama Express is a Federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), United States Coast Guard ("USCG"), United States Attorney's Office (USAO) of the Middle District of Florida and CGIS. Special

Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that use maritime conveyances, like go-fast vessels, to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

3. As a CGIS Special Agent, I have participated in numerous criminal investigations of individuals who are in violation of laws and statutes of the United States and the United States Code of Federal Regulations. I have been employed by the Coast Guard for over 27 years. Prior to becoming a Special Agent with CGIS, I was a Chief Operations Specialist and Boarding Team Member with the Coast Guard. In that role, I was responsible for enforcing federal maritime laws, communications, and operating and managing maritime related operations.

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5. The USCG has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

## **PROBABLE CAUSE**

6. On or about August 7, 2025, while on routine patrol in the Caribbean Sea, a marine patrol aircraft (MPA) detected a go-fast vessel ("GFV") approximately 100 nautical miles off the coast of Aruba and in international waters with several fuel tanks and packages onboard. The United States Navy Ship (USS) MINNEAPOLIS-ST PAUL, with an embarked USCG Law Enforcement Detachment (LEDET) 108, and an airborne asset was diverted to investigate the suspect GFV.

7. USS MINNEAPOLIS-ST PAUL requested Coast Guard Southeast District to grant a Statement of No Objection ("SNO") to conduct a Right of Visit (ROV) boarding of the GFV which was immediately granted. Southeast District also authorized the USS MINNEAPOLIS-ST PAUL to use both airborne and surface force on the GFV.

8. USS MINNEAPOLIS-ST PAUL utilized airborne use of force warning shots to compel compliance from the GFV but the warning shots were ineffective. USS MINNEAPOLIS-ST PAUL reported that the persons on board the GFV were covering the out-board engines, so airborne disabling fire was determined to be unavailable at the time.

9. The USS MINNEAPOLIS-ST PAUL then launched a tactical water craft to intercept the GFV. This tactical craft had a LEDET team onboard and they obtained positive physical control of the GFV. The Boarding Team found three crewmembers on board the GFV: **DAVID ROJAS, RENY RIJOS,** and **WUILLIAN DE JESUS.**

10. Because there was no physical country flag flown on the GFV, no registration documents, no master identified, no claim of nationality, and the location of the GFV in international waters, the boarding team treated the GFV as a vessel without nationality and subject to the laws of the United States.

11. The USS MINNEAPOLIS-ST PAUL recovered 35 bales of suspected contraband from the GFV. The boarding team conducted two narcotics identification kit tests, which returned positive for cocaine. The 35 bales had a total at-sea weight of approximately 1,225 kilograms. The boarding team then seized the 35 bales of cocaine and detained the three crewmembers.

## CONCLUSION

12.    Based on my training, experience, and knowledge of the investigation, I respectfully submit that there is probable cause to believe that the three defendants named above knowingly and willfully conspired with each other and other persons to possess with intent to distribute 5 kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation Title 21, United States Code, Section 960(b)(1)(B)(ii) as described herein.

David M. Tomcsik
Special Agent
Coast Guard Investigative Services

Affidavit sworn before me this 28th day of August, 2025.

THOMAS G. WILSON
United States Magistrate Judge